**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-7127**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENYA LASHAN MARTIN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00009-RLV-DCK-16)

———————

Submitted: September 26, 2012      Decided: November 5, 2012

———————

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Kenya Lashan Martin, Appellant Pro Se. William A. Brafford, Assistant United States Attorney, Thomas A. O'Malley, Maria Kathleen Vento, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Jill Westmoreland Rose, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenya Lashan Martin appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) (2006) motion for reduction in her sentence pursuant to Amendment 750 to the U.S. Sentencing Guidelines Manual ("USSG").[1] In denying the motion, the district court stated that "[t]he defendant's sentence was previously reduced, in all counts, to 188 months in 2009. After applying Amendment 750, the reduction results in the same reduced guideline range."

Pursuant to USSG § 1B1.10, when a defendant's applicable Guidelines range has been lowered by an amendment to the Guidelines, the district court may reduce the defendant's term of imprisonment under § 3582. This court reviews an order granting or denying a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). A district court abuses its discretion if it relies on an erroneous factual or legal premise. DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008).

---

[1] Martin was originally sentenced to 235 months' imprisonment after pleading guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base, five kilograms or more of cocaine, and 1000 kilograms or more of marijuana, and to three counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). In 2008, the district court reduced her sentence to 188 months' imprisonment pursuant to Amendment 706 to the Sentencing Guidelines.

The original presentence investigation report ("PSR") recommended that Martin be held responsible for three kilograms of cocaine base. At sentencing, however, the district court found only that Martin was accountable for at least 1.5 kilograms of cocaine base. After the 2008 sentence reduction pursuant to § 3582(c)(2) and Amendment 706 to the Guidelines, Martin's base offense level was thirty-six.[2] Under the Guidelines as amended by Amendment 750, the base offense level for an offender responsible for 1.5 kilograms of cocaine base is thirty-four. USSG § 2D1.1(c)(3). Thus, Martin's sentencing range has been lowered by Amendment 750 to the Guidelines. The district court's conclusion that Amendment 750 does not provide a basis for considering a further reduction of Martin's sentence was therefore erroneous.

Accordingly, we vacate the district court's order and remand for reconsideration of the § 3582 motion.[3] We dispense with oral argument because the facts and legal contentions are

---

[2] After application of a two-level enhancement for Martin's possession of a dangerous weapon, and a three-level reduction for acceptance of responsibility, Martin's total offense level was thirty-five.

[3] By this disposition, we indicate no view as to whether the district court should further reduce Martin's sentence, leaving that discretionary determination to the lower court. We conclude only that Martin is eligible for a sentence reduction pursuant to Amendment 750.

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

4